UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 14-24887-CV-SEITZ/TURNOFF

IN RE APPLICATION OF
HORNBEAM CORPORATION

REQUEST FOR DISCOVERY
PURSUANT TO 28 U.S.C. 1782

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court following a status conference on Friday, April 8, 2016, Halliwel Assets, Inc. ("Halliwel") and Panikos Symeou's ("Symeou") Motion to Stay **(ECF No. 28)**, Respondents' Notice of Joinder **(ECF No. 30)**, and prior Orders of Referral entered by the Honorable Patricia A. Seitz. As noted in this Court's Order dated April 11, 2016, the undersigned heard argument on the Motion to Stay, and took the matter under advisement. **(ECF No. 33)**.

The status conference had been noticed on March 28, 2016 **(ECF No. 27)**, prior to the filing of the Motion to Stay, on April 6, 2016. **(ECF No. 28)**. Because of the timing, Hornbeam Corporation and Bracha Foundation (collectively[1] "Hornbeam") had not yet filed a written response. Instead, Hornbeam was permitted to make its arguments in open Court. Nevertheless, on April 19, 2016, Hornbeam filed a written response in Opposition to the Motion to Stay. **(ECF No. 35)**. The Motion raises several issues that were not addressed during the April 8, 2016 status conference. Specifically, the Motion incorporates certain pleadings and orders from other proceedings outside of this district. Id. In the interest of fairness, as well as having a complete record, the undersigned

---

[1]Hornbeam holds its shares in Halliwel in trust for Bracha Foundation. **(ECF No. 17)**.

permitted the filing.

Thereafter, Symeou and Halliwel, at the time proposed intervenors, filed a Motion for Enlargement of Time to File a Reply. **(ECF No. 37)**. Respondents, CC Metals and Alloys, LLC., Felman Production, LLC, Felman Trading, Inc., Georgian American Alloys, Inc., Mordechai Korf, Optima Acquisitions, LLC, Optima Group, LLC, Optima Specialty Steel, Inc., Optima Fixed Income, LLC, Optima Ventures, LLC, Optima International of Miami, Inc., and 5251 36 Street, LLC. (collectively "Respondents") also filed a Motion for Enlargement of Time to File a Reply. **(ECF No. 39)**. Again, in the interest of fairness, both Motions were granted. The matter is now fully ripe for judicial review.

Upon careful consideration of the relevant documents, hearing argument from counsel, and being otherwise duly advised in the premises, the undersigned makes the following findings.

## Background

The sordid facts, history, and related litigation are adequately reflected in the court record. As such, there is no need to recite same in detail for present purposes. By way of summary, this action originated as an ownership dispute regarding Halliwel in the British Virgin Islands ("BVI"). The result of the litigation was an $846,526$^2$ judgment against Hornbeam. **(ECF No. 28)**. Various related 28 U.S.C. § 1782 applications, by Hornbeam, followed in Alabama, Delaware, New York and Ohio.

The instant § 1782 application was filed on December 29, 2014. **(ECF No. 1)**. The

---

$^2$The Judgment pertains to an award of attorneys' fees and costs obtained by Halliwel, Symeou, and an entity known as Marigold, as the result of the dismissal of Hornbeam's petition in the BVI. **(ECF No. 28, Ex. 4)**. According to Hornbeam, the fees were assessed simply because it did not prevail on its Petition. In its view, it is a harsh sanction. **Hr'g Tr. 34:14-25**.

undersigned entered an Order granting same on February 11, 2015. **(ECF No. 12)**. Because the discovery request was, in fact, the entire case, the Honorable Patricia A. Seitz closed the action on May 26, 2015. **(ECF No. 15)**.

On April 6, 2016, Symeou and Halliwel, now intervenors,[3] filed a Motion to Stay Proceedings Pending Appeal to the Eleventh Circuit Court of Appeals. **(ECF No. 28)**. Among other things, Symeou and Halliwel argue that a stay is appropriate: (1) pending resolution of a potentially dispositive appeal before the Eleventh Circuit Court of Appeals involving Intervenors and Hornbeam; and (2) pending Hornbeam's payment of the $846,526 judgment in the British Virgin Islands. **(ECF No. 28)**. As indicated above, Respondents' filed a Notice of Joinder as to the Motion to Stay. **(ECF No. 30)**.

### Analysis

As a general matter, district courts have broad discretion in deciding whether to grant a stay pending an appeal. In re Pinchuk, No. 14-CIV-20047, 2014 WL 1328484, at *2 (S.D. Fla. Mar. 31, 2014). In making such a determination, courts consider, among other things, international comity[4], fairness to litigants, and judicial efficiency. In re Alves Braga, 789 F. Supp. 2d 1294, 1308 (S.D. Fla. 2011).

---

[3] The Motion to Intervene **(ECF No. 15)** was granted on April 11, 2016. **(ECF No. 33)**.

[4] International comity factors include: (1) whether the judgment was a result of fraud, (2) whether the foreign court proceedings are consistent with American notions of due process, (3) whether the foreign judgment violates American public policy, and (4) the relative strengths of the American and international interests in the matter. In re Alves Braga, 789 F. Supp. 2d 1294, 1308 (S.D. Fla 2011) (referencing Turner Entm't Co., 25 F.3d at 1519, 1521). Movants do not contend that the prior BVI judgment was a result of fraud, was inconsistent with American due process, or violates American public policy. However, Movants argue that international comity favors a stay until Hornbeam pays the prior BVI judgment. **(ECF No. 43)**.

3

As noted above, Halliwel, Symeou, and the Respondents (collectively "Movants") argue that a stay of proceedings is justified because the resolution of the Eleventh Circuit appeal may have a dispositive effect on this action. **(ECF No. 43)**. In their view, judicial economy and efficiency, as well as fairness to the litigants, favors a stay.

*Eleventh Circuit Appeal's Dispositive Effect on Instant Case*

Movants argue that the decision in the Eleventh Circuit appeal may dictate, or have a great influence on, many of the issues in the instant case. **(ECF No. 28)**. Specifically, the appeal raises concerns over whether Hornbeam realistically contemplates future proceedings in the BVI, whether Hornbeam is entitled to the discovery it seeks pursuant to § 1782, and whether the Court is limited in jurisdiction considering the internal affairs doctrine and international comity. Id. Hornbeam, of course, opposes the Motion and argues that the appeal is unlikely to be dispositive of the issues herein because the Eleventh Circuit rarely overturns decisions granting or denying discovery. **(ECF No. 35)**. As such, Hornbeam contends that moving forward with the instant action will not harm either party. Id. Hornbeam's argument fails for several reasons.

First, Hornbeam cannot predict with certainty what the appellate court will decide. Although Hornbeam correctly asserts that district courts have broad discretion in determining whether to grant or deny applications for discovery, the appeal may preclude this Court's decision by ultimately deciding whether Hornbeam is even entitled to said discovery. As Movants note, "it is reasonable to believe that [they] could prevail on issues before the Eleventh Circuit that may be dispositive of, or at least greatly affect, this § 1782 action." **(ECF No. 43)**. The undersigned agrees.

Again, the Court possesses broad authority to stay actions in the intent of providing the "fair and efficient administration of justice." In re Pinchuk, No. 14-CIV-20047, 2014 WL 1328484, at

4

*2 (S.D. Fla. Mar. 31, 2014); Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc., 524 F.3d 1235, 1241 (11th Cir. 2008). This "broad authority to grant a stay extends to 28 U.S.C. § 1782 proceedings." In re Alves Braga, 789 F. Supp. 2d at 1308. Here, "[i]t makes little sense to undertake the herculean task of plodding through the motions when one decision ... could invalidate the entire case." Michael v. Ghee, 325 F. Supp. 2d 829, 833 (N.D. Ohio 2004). In Michael, the Northern District of Ohio granted a stay pending resolution of a case on appeal before the Supreme Court that was dispositive of many issues in the Michael case. Id. As in Michael, so here, the result of the appeal could preclude or moot out many of the within issues.

*Fairness to Litigants Favors a Stay*

Additionally, relatively little, if any, harm to either party will result from a stay. Hornbeam argues that proceeding with briefing the action will not harm either party because "these issues have been briefed multiple times". **(ECF No. 35)**. However, as noted by the Movants, document production is a costly and time-consuming process for all litigants. **(ECF No. 43)**. Should the Eleventh Circuit ultimately rule in favor of Movants, continuing with such briefing now shall be a fruitless endeavor.

Further, a stay will not prejudice Hornbeam. Here, Hornbeam expresses concern over document preservation and use of discovery information in future proceedings. **(ECF No. 35)**. However, this concern is unfounded. The Eleventh Circuit has already stayed discovery elsewhere, meaning that Hornbeam can not initiate further proceedings in the BVI until the Eleventh Circuit rules and issues its Mandate. **(ECF No. 43)**. In addition, there is no risk of document loss because

the subpoenaed parties have issued a litigation hold. Id.[5]

Lastly, if prompt discovery was of the essence, Hornbeam could have adequately addressed this concern by swiftly serving subpoenas. Instead, it waited more than one year after authorization to do so. Id. A stay at this point would not unduly burden Hornbeam any more than its own delay has done so already.

*Impact of Stay on Argument to Stay Pending Payment of BVI Judgment*

The Movants also argue that a stay is warranted as a matter of international comity until Hornbeam pays the prior BVI judgment. While this argument is colorful and likely meritorious, it is unnecessary to engage in a detailed analysis for present purposes, having already determined that the stay should be granted pending the outcome of the appeal.

## Conclusion

Consistent with the above and foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that the Motion **(ECF No. 28)** be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1)(c), the parties may file written objections to this Report and Recommendation with the Honorable Patricia A. Seitz, United States District Judge for the Southern District of Florida, within fourteen (14) days of receipt. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. Laconte v. Dugger, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); R.T.C. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

---

[5]On April 8, 2016, the subpoenaed Respondents issued an internal litigation hold in order to preserve records. **Hr'g Tr. 45:4-13 (Apr. 8, 2016) (ECF No. 36).**

**RESPECTFULLY RECOMMENDED** in chambers at Miami, Florida on this ____ day of May 2016.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Patricia A. Seitz
    Counsel of Record