UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-24887-MC-SEITZ/TURNOFF

IN RE APPLICATION OF HORNBEAM CORPORATION,

    Applicant,

Ex Parte Request for Discovery Pursuant to
28 U.S.C. § 1782

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO STAY

THIS MATTER is before the Court on the Report and Recommendation ("Report") [DE 49], addressing Intervenors Pankios Symeou and Halliwel Assets, Inc.'s ("Intervenors") Motion to Stay Proceedings Pending Appeal to the Eleventh Circuit [DE 28], Applicant Hornbeam Corporation's ("Hornbeam") Opposition [DE 35], and Intervenors' Reply [DE 43]. The Report recommends granting Intervenors' Motion to Stay. Hornbeam filed objections to the Report [DE 50], Intervenors filed a response [DE 51], and Hornbeam filed a Reply [DE 53].[1]

### I. Standard of Review

The Court reviews a Report and Recommendation regarding non-dispositive matters, such as a motion to stay proceedings, for clear error or contrariness to the law. *See, e.g., Montgomery v. Risen*, 2015 WL 5167628, at *2 (S.D. Fla. Sept. 3, 2015); Fed. R. Civ. P. 72(a). Hornbeam argues that because Magistrate Judge Turnoff issued a "report" rather than an "order," the Court must review *de novo* under Fed. R. Civ. P. 72(b). [DE 53 at 2]. "[T]he appropriate standard of review [however] turns on whether [the magistrate's] rulings concern dispositive or nondispositive matters." *Pigott v. Sanibel Development, LLC*, 2008 WL 2937804 at *3 (S.D. Ala. July 23, 2008). Rule 72(a) instructs the district court to review nondispositive matters for clear error or contrariness to the law.

---

[1] Subpoena recipients ("Respondents") filed a Motion to Join Intervenors' Motion to Stay Proceedings Pending Appeal to the Eleventh Circuit [DE 30] and a Motion to Join Intervenors' Response to Hornbeam's Objections to the Report [DE 52].

1

Because the instant Report concerns a non-dispositive motion to stay, the Court will review the Report for clear error.

Clear error is a highly deferential standard of review. *Holton v. City of Thomasville School Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). "[A] finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citation and quotations omitted). For the reasons discussed below, the Court affirms and adopts the Report, overrules all objections, and grants Intervenors' Motion to Stay.

## II.     Background

The Report outlines the contentious history of this case. It arises out of Hornbeam and Intervenors' joint venture related to the management of a steel factory. The relationship deteriorated and Hornbeam filed claims against its partners in the British Virgin Islands ("BVI") in August 2014. [DE 28 at 6]. The claims were dismissed and judgment was entered against Hornbeam on December 18, 2015, for $846,526 in attorneys' fees and costs. [DE 49 at 2]. The judgement was not appealed. Hornbeam then filed numerous 28 U.S.C. § 1782 applications in Alabama, Delaware, New York, Ohio and Florida. *Id.*

This Court granted the Florida application in February 2015, but no subpoenas were served until March 2016. In the interim, Hornbeam litigated its other § 1782 applications, including an application in the Northern District of Alabama. The Alabama application was granted in May 2015, after which, Intervenors filed motions to vacate and to stay. Both motions were denied and Intervenors appealed to the Eleventh Circuit. That appeal is pending with oral argument set for July 14, 2016. [DE 28 at 9-10].

On April 6, 2016, Intervenors moved to stay the Florida action [DE 28]. Magistrate Judge Turnoff held a hearing on April 20, 2016, and issued a Report on June 24, 2016.

### III. Analysis

The relevant considerations for determining whether to stay 28 U.S.C. § 1782 proceedings are (1) international comity; (2) fairness to litigants; and (3) judicial efficiency. *In re Alves Braga*, 789 F. Supp. 2d 1294, 1308 (S.D. Fla 2011). The Report recommends a stay, finding it both judicially efficient and fair to the parties.[2] Specifically, the Report concludes that the Eleventh Circuit appeal from the Northern District of Alabama may have a dispositive effect on this case. [DE 49 at 5 (citing *Michael v. Ghee*, 325 F. Supp. 2d 829, 833 (N.D. Ohio 2004)]. In addition, the Report finds that a stay poses no additional harm to Hornbeam given Hornbeam's year-long delay in serving subpoenas and its inability to use discovery pending the Eleventh Circuit appeal.

Hornbeam objects to the Report's fairness conclusions. First, Hornbeam argues that the Report fails to consider the Alabama District Court's denial of Intervenors' motion to stay based on potential harm to Hornbeam. The Report, however, does consider the Alabama order, which Hornbeam quoted [DE 35 9-10], and in fact, notes Hornbeam's reference to it [DE 7 at 49]. Moreover, the Report addresses the same potential harm as addressed in the Alabama order— Hornbeam's diminishing ability to use the requested discovery. The Report simply balances that harm with the costly and time-consuming discovery process Intervenors face if the stay is denied. Weighing these relative harms, the Report finds that a stay is fair and poses no additional harm to either party. [DE 49 at 6]. In light of the oral arguments scheduled for this week in the Alabama appeal, as well as Rule 1 of the Federal Rules of Civil Procedure, which mandates a "just, speedy, and inexpensive" determination of every action, the stay serves as a reasonable and temporary cease-fire between parties that seem more interested in a total victory than a judicious outcome.

Hornbeam next argues that its delay in serving subpoenas was justified and that the Report erroneously faults Hornbeam for the delay. The Court disagrees. Hornbeam addressed its reasons for delay at the April 8, 2016 hearing, arguing in open court that its counsel was busy litigating other §

---

[2] The Report does not analyze the requested stay's effect on international comity. [DE 49 at 6]. Hornbeam did not object to the Report's silence in this regard.

1782 applications and that the Florida discovery was not pressing until March 2016. [DE 36 (Hr'g Tr. 31:3-25)]. From that, the Report finds that Hornbeam is responsible for its own delay and that a stay creates no additional prejudice. The Court finds no clear error in this regard and the objection is overruled.

Hornbeam also contends that Judge Turnoff's fairness conclusions were based in-part on "blatant mischaracterizations" of Hornbeam's inability to proceed in the BVI,[3] thus downplaying the potential harm of a stay. [DE 50 at 1, 6]. Intervenors argue in response that the Report "properly determined that objectors previously argued that they will not initiate further proceedings in the BVI." [DE 51 at 12]. Interestingly, neither party supports their position with BVI law or court procedure, making it clear, once again, that they are less concerned with the joint venture dispute and more focused on winning a game of "he said, she said." The Court notes that Hornbeam failed to articulate any objection to these "blatant mischaracterizations" prior to the Report. Thus, it was reasonable for the Report to rely on Intervenors' statements in its analysis. Intervenors' statements notwithstanding however, the Court finds the Report's conclusions to be unchanged. A stay poses no additional harm to Hornbeam other than the harm it created for itself by its own litigation strategy. Weighed against the resources that will be saved pending the Eleventh Circuit appeal, the stay is appropriate.

Finally, Hornbeam objects to the Report's failure to consider its proposals to delay ruling on the Motion. This objection is without merit. The Report states, "[i]t makes little sense to undertake the herculean task of plodding through the motions when one decision . . . could invalidate the entire case." [DE 49 at 5]. The Court reads this as a rejection of Hornbeam's delay proposals. If the

---

[3] Intervenors stated in their Motion to Stay: "Hornbeam made clear in Alabama that it only "plans to initiate [litigation in the BVI] after obtaining sufficient discovery to support its claims," and that the discovery it seeks in Alabama 'is both relevant and crucial . . . prior to initiating further litigation in the BVI or elsewhere.' See Bracha's § 1782 Application, Ex. 7 . . . In short, Hornbeam represented that it cannot (or will not) file a new suit in the BVI until it receives discovery in Alabama. Because the Eleventh Circuit has stayed that discovery, Hornbeam cannot be prejudiced by a stay here, given it is judicially estopped from changing the position it took to justify discovery in Alabama." [DE 28 at 16-17].

4

Eleventh Circuit affirms the Northern District of Alabama, this Court can very efficiently set the scope of the permitted discovery and impose appropriate conditions as necessary.

Finding no clear error in the Report, it is accordingly

ORDERED THAT

(1) Respondents' Motion to Join Intervenors' Motion to Stay Proceedings Pending Appeal to the Eleventh Circuit [DE 30] is **GRANTED**.

(2) Respondents' Motion to Join Intervenors' Response to Hornbeam's Objections to the Report [DE 52] is **GRANTED**.

(3) The Report and Recommendation on Intervenors' Motion to Stay Proceedings Pending Appeal to the Eleventh Circuit [DE 49] is **AFFIRMED AND ADOPTED**.

(4) Applicant Hornbeam's Objections [DE 50] are **OVERRULED**.

(5) Intervenors' Motion to Stay Proceedings Pending Appeal to the Eleventh Circuit [DE 28] is **GRANTED**.

(6) **THE CASE IS STAYED** pending a decision by the Eleventh Circuit Court of Appeals in *Halliwel Assets, Inc., et al v. Bracha Foundation*, No. 15-14913. Within **14 days** of a decision from the Eleventh Circuit, the parties shall provide notice of the Eleventh Circuit decision and move to lift the stay.

(7) Respondents' Unopposed Motion to Extend Stipulated Deadlines is **DENIED AS MOOT** in light of the stay.

DONE AND ORDERED in Miami, Florida, this 13th day of July, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record
Hon. William C. Turnoff